| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

ELTON GORHAM,

                Petitioner,

– against –

MARK BRADT, Superintendent Attica Correctional Facility,

                Respondent.

**MEMORANDUM & ORDER**

11-CV-5092 (ERK)

KORMAN, J.:

    Petitioner, Elton Gorham, was convicted after a jury verdict of second degree murder and was sentenced to twenty-five years to life. I assume familiarity with the underlying background and procedural history of the case, and proceed to discuss the five issues raised in this petition for a writ of habeas corpus. Each is without merit for the reasons stated in the extraordinarily well-written and well-researched memorandum of law filed by Assistant District Attorney Marion M. Tang. I address them briefly here.

    1.    Petitioner argues that the prosecution failed to prove his guilt beyond a reasonable doubt. This claim is frivolous. To prevail under a sufficiency of the evidence argument in a habeas proceeding, the petitioner "bears a very heavy burden." *Einaugler v. Supreme Court*, 109 F.3d 836, 840 (2d Cir. 1997). In assessing such cases, the reviewing court must decide whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). "What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only

if the state court decision was objectively unreasonable." *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011) (internal quotation omitted). My review of the record satisfies me that, while the evidence of the defendant's guilt was circumstantial, petitioner cannot overcome the hurdle posed by the extraordinarily deferential review of jury verdicts that the Supreme Court has adopted.

2. Petitioner's claim that the trial judge's circumstantial evidence charge was deficient because it failed to instruct the jury to apply the "moral certainty standard" is without merit. Passing over the absence of an objection to the judge's instructions, "[t]here is no federal constitutional right to a circumstantial evidence charge." *Parisi v. Artus,* No. 08-CV-1785, 2010 WL 4961746, at *4 (E.D.N.Y. Dec. 1, 2010), citing *inter alia, Holland v. United States,* 348 U.S. 121, 140 (1954). As Judge Weinstein observed in *Stewart v. Senkowski*, No. 00-CV-0806, 2003 WL 21508320, at *5 (E.D.N.Y. June 16, 2003), "the distinction between circumstantial and direct evidence is not helpful" and "is normally omitted in federal jury trials where emphasis is placed on the admissibility of relevant evidence." Thus, "[t]he absence of a circumstantial evidence charge presents no federal constitutional infirmity." *Parisi,* 2010 WL 4961746, at *4.

3. Petitioner argues that the trial judge erred in allowing the admission of photographs that depicted firearms examiner, Charles Hopkins, with his hand extended outside the passenger side of petitioner's vehicle. I agree with the district attorney that this ruling did not constitute an abuse of discretion. Nor did it constitute an unreasonable application of clearly established federal law as determined by the Supreme Court.

4. Petitioner's claim regarding the premature release of the Mercury vehicle likewise fails to present a cognizable due process claim. Again, I agree with the district attorney's well-reasoned discussion of this issue. More specifically, where the failure to preserve evidence was inadvertent and not the result of bad faith, there is no basis for imposing any sanction on the

prosecution. Indeed, the Supreme Court has held more than once that "the failure to preserve . . . 'potentially useful evidence' does not violate due process '*unless a criminal defendant can show bad faith on the part of the police.*'" *Illinois v. Fisher*, 540 U.S. 544, 547-48 (2004) (quoting *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)) (emphasis in original). The record here suggests that the Mercury vehicle was released inadvertently. Tang Return ¶ 9, ECF No. 6 (Page ID # 111). The trial judge nevertheless gave an adverse inference instruction. More specifically, he instructed the jury that because the Mercury was released without affording the defense the opportunity to photograph and test the vehicle, the jury "may but [was] not required to infer that had the vehicle been preserved, evidence favorable to the defense and unfavorable to the People would have been presented." Tr. at 1435 (Page ID # 1665). Considering all of the circumstances, the Appellate Division reasonably concluded that the trial judge "providently exercised [his] discretion" by giving that instruction. *People v. Gorham*, 72 A.D.3d 1108, 1110 (N.Y. App. Div. 2010). Moreover, the Appellate Division found it significant that prior to the release of the vehicle "defense counsel already had inspected the vehicle, and the prosecution provided the defense with 57 photographs and a videotape of the subject vehicle, as well hundreds of pages of documents detailing the crime laboratory's analysis of the vehicle." *Id.*

5. Petitioner's final claim is that the trial judge erred by denying his request to charge manslaughter in the second degree as a lesser-included offense. The failure to give such a charge does not constitute an unreasonable application of clearly established Supreme Court law. In *Jones v. Hoffman*, 86 F.3d 46, 48 (2d Cir. 1996), the Second Circuit observed that, while "[t]he Supreme Court has held that due process requires a trial court to submit jury instructions regarding lesser-included offenses in capital cases," it "has expressly declined to consider whether such a requirement would apply in the non-capital context." Under those circumstances, consideration of the claim was foreclosed because it would require the announcement of a new

rule in contravention of *Teague v. Lane*, 489 U.S. 288 (1989). *Id.* at 47. Although *Jones v. Hoffman* is a pre-AEDPA case, it is "perfectly clear that AEDPA codifies *Teague* to the extent that *Teague* requires federal courts to deny relief that is contingent upon a rule of law not clearly established at the time the state conviction becomes final." *Williams v. Taylor*, 529 U.S. 362, 380 (2000) (Stevens, *J.*, concurring). Indeed, the Second Circuit has expressly held that "[i]f petitioner's claim requires us to apply a rule of law that was not clearly established Federal law as determined by the Supreme Court at the time of the state court determination, Section 2254(d)(1) bars relief." *Vasquez v. Strack*, 228 F.3d 143, 148 (2d Cir. 2000).

## CONCLUSION

The petition is denied. I decline to issue a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
April 22, 2015

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge